*61 OPINION.
Smith
: The question presented by this appeal is the right of the taxpayer to restore to surplus $400,000. paid out by the taxpayer in the redemption of income bonds and charged to surplus at the time when the payments were made. It is the contention of the taxpayer that the assets contributed to it by its two stockholders upon organization in 1906 were greatly ini excess of $40,000, the par value of the stock issued for them; that the assets were in reality issued for the shares of stock and for $400,000 income bonds issued to the two stockholders in the same proportion as the shares of stock were issued to them; that the-taxpayer should have set up on its books of account upon organization an asset, entitled “good will,” of $400,000 and that a liability of a like amount should have been set up for the income bonds; that if this had been done there never would have been any charge-off to surplus upon the redemption of the bonds, and that then no question would have arisen as to the right •of the taxpayer to include in invested capital, the full amount of its surplus.
*62 Under the Revenue Act of 1921, the invested capital of a corporation must be based upon the amount of capital contributed by the stockholders to the corporation plus the earned surplus. The only contribution of capital reflected upon the taxpayer’s books of account upon organization was net tangibles of $40,000. If assets of a value in excess of $40,000 were contributed, they were not contributed in exchange for shares of stock.
The income bonds were payable, principal and interest only, from moneys to be earned by the corporation in the future and payments were to be made out of such earnings only after they had been ascertained and declared by the board of directors of the taxpayer applicable to such payments “ after appropriating to the capital account ” such portion of the net earnings as the board of directors might deem advisable. The bonds were in no sense a lien upon any part of the assets turned over to the corporation by the stockholders. They were issued to the owners of the assets of the predecessor business in the same proportion that the capital stock was issued to them. They were in effect nothing more than an appropriation of the future earnings of the taxpayer.
We are of the opinion that the Commissioner has correctly held that the assets of the predecessor business were paid in to the taxpayer corporation for its capital stock of $40,000. The payment of $400,000 in redemption of the bonds was simply a distribution of earnings by the corporation to its stockholders. We do not think that the evidence of record warrants the restoration to surplus, or the inclusion in invested capital, of any part of the $400,000 in question.